## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:   Case No. 2:21-bk-00577-FMD
   Chapter 13

Miguel A Zambrana

     Debtor.
_____/

### TRUSTEE'S UNFAVORABLE RECOMMENDATION
### AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on April 30, 2021.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

        income tax return for 2021
        retirement loan payoff statement
        proof of non-filing spouse expenses from February 2021 through May 2021.

    b. The Debtor must file an Amended Schedule I to show the correct amount for the following expenses: retirement loan paid in full in July 2021.

    c. The Debtor is paying for the following luxury items: $146.00 per month voluntary retirement.

    d. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns

a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year 2020. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

   a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

   income tax return for 2021
   proof of date of receipt and use of 2020 tax refund.

5. The Debtor's Statement of Financial Affairs must be amended to list on line #2 all previous addresses in the last three years.

6. An Amended 2016(b), and Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees for a maximum amount of $4,500.00.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire
Staff Attorney for Chapter 13 Trustee
Florida Bar Number 722855
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone: (941) 747-4644
Fax: (941) 750-9266

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Miguel A Zambrana**, Debtor, 2360 East 5th Street, Lehigh Acres, Florida 33936-4332, and **Jose A. Blanco, Esquire**, Attorney for Debtor, 355 West 49th Street, Hialeah, Florida 33012 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 7th day of June 2021.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire

JMW/MEC/br